UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | |
| | * | |
| ESTARLIN ORTIZ-ALCANTARA, | * | Criminal Action No. 22-cr-10211-ADB |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

BURROUGHS, D.J.

Currently before the Court is Estarlin Ortiz-Alcantara's ("Ortiz-Alcantara") motion for reduction of sentence pursuant to 18 U.S.C. § 3582. [ECF No. 474]. For the reasons set forth below, the motion is **DENIED**.

## I.    FACTUAL BACKGROUND

On December 14, 2024, Ortiz-Alcantara pled guilty to drug trafficking offenses involving the possession and distribution of fentanyl. At sentencing, based on the quantity of fentanyl attributable to him, the Court determined that with an adjusted offense level of 38 in criminal history category I, he was subject to a mandatory 10 year sentence and his advisory guideline sentencing range was 235 to 293 months. [ECF No. 468]. The Court sentenced him to 120 months.

Ortiz-Alcantara now seeks a reduction in his sentence and cites several reasons in support, which include the following: (1) his rehabilitative accomplishments, (2) sentencing disparities among similarly situated individuals, and (3) 3553(a) factors. [ECF No. 474]. None of these

circumstances considered alone or in combination warrants his release and the motion is

therefore denied.

## II.    PROCEDURAL BACKGROUND

On October 14, 2025, he filed the instant motion, asking the Court to reduce his sentence.

[ECF No. 474].  The Government opposed the motion on November 6, 2025.  [ECF No. 475].

## III.    DISCUSSION

Ortiz-Alcantara seeks release under 18 U.S.C. § 3582(c)(1)(A).  See [ECF No. 474 at 1].

Previously, incarcerated defendants could seek release under this statute only upon motion of the

BOP.  The First Step Act of 2018, however, amended that provision to allow prisoners to seek

relief directly from the courts once they have exhausted their administrative remedies.  Section

3582(c)(1)(A) now provides that

> [t]he Court may not modify a term of imprisonment once it has been imposed
> except that . . . in any case . . . the [C]ourt, upon motion of the Director of the
> Bureau of Prisons, or upon motion of the defendant after the defendant has fully
> exhausted all administrative rights to appeal a failure of the Bureau of Prisons to
> bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of
> such a request by the warden of the defendant's facility, whichever is earlier, may
> reduce the term of imprisonment . . . after considering the factors set forth in [18
> U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . .
> (i) *extraordinary and compelling reasons* warrant such a reduction . . . and that
> such a reduction is consistent with applicable policy statements issued by the
> Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Section 1B1.13 of the Sentencing Guidelines further explains that the Court may reduce a

defendant's sentence if, after considering the factors in 18 U.S.C. § 3553(a), the Court

determines that

> (1)(A) extraordinary and compelling reasons warrant the reduction; . . .
> (2) the defendant is not a danger to the safety of any other person or to the
> community, . . . ; and
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

To begin, Ortiz-Alcantara makes no representations regarding whether he has exhausted his administrative remedies. As the Government notes, the defendant bears the burden of establishing exhaustion. [ECF No. 475 at 3 n.2]. The Defendant's failure here to meet that burden is itself grounds to deny this motion. See United States v. Cruz-Rivera, No. 15-cr-00486, 2025 WL 2640793, at *3 (D.P.R. Sept. 15, 2025) ("[Defendant] has the burden of showing that he exhausted administrative remedies prior to bringing [a compassionate release] claim before the Court."); cf. United States v. Portway, 506 F. Supp. 3d 102, 103 (D. Mass. 2020) (requiring that the defendant exhaust his administrative remedies before the court "may reach the merits of his petition for compassionate release."). Assuming for the sake of argument that Ortiz-Alcantara did in fact exhaust, the Court will reach the merits of his petition.

As with exhaustion, Ortiz-Alcantara bears the burden of proving that he is entitled to relief under 18 U.S.C. § 3582. United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). To meet this burden, he must satisfy three requirements. See United States v. Jackson, No. 19-cr-00347, 2020 WL 3402391, at *4 (D.D.C. June 19, 2020). First, he must show that "extraordinary and compelling reasons" warrant his release; second, he must show that release is consistent with the Sentencing Commission's policy, which

requires showing that he is not a danger to the safety of any other person or the community; finally, he must show that the sentencing factors in 18 U.S.C. § 3553(a) justify release.  Id.

Thus, the Court must now determine whether "extraordinary and compelling reasons" support compassionate release, consistent with the § 3553(a) sentencing factors and the Sentencing Commission's policy.  18 U.S.C. § 3582(c)(1)(A).

## A.    "Extraordinary and Compelling Reasons" Under 18 U.S.C. § 3582(c)(1)(A)

The Sentencing Guidelines recognize that compassionate release due to extraordinary and compelling reasons may be appropriate in cases where, for example, family circumstances or the defendant's age or health make release appropriate.  U.S.S.G. § 1B1.13 cmt. n.1(A)–(C).  Courts have found that the Sentencing Guidelines set forth a non-exhaustive list and that release may also be warranted under the policy's "catch-all provision [which] allows for compassionate release when 'there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with' the other enumerated reasons."  United States v. Guzman-Soto, No. 18-cr-10086, 2020 WL 2104787, at *3 (D. Mass. May 1, 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)).

Ortiz-Alcantara relies heavily on his rehabilitative efforts as warranting a sentence reduction.  The Court is impressed with the rehabilitative efforts that have been made by Ortiz-Alcantara and encourages him to continue on that path, but such efforts alone do not constitute the "extraordinary" or "compelling" circumstances that warrant a sentence reduction. The Court also notes that the Defendant's early steps regarding rehabilitation were already taken into account at his sentencing.  [ECF No. 468 at 11].

Ortiz-Alcantara also asserts that he should receive a sentence reduction based on sentencing disparities between him and his co-defendants as well as between him and defendants in other cases.  This argument carries virtually no weight.  The defendant was the leader of a

large drug trafficking organization and received the statutorily mandated sentence, which was roughly half of what the sentencing guidelines suggested was the appropriate sentence.

Thus, the Court finds that Ortiz-Alcantara has failed to meet his burden of demonstrating "extraordinary and compelling reasons" that would justify his early release.

### B.    Dangerousness and the § 3553(a) Factors

Although Ortiz-Alcantara has failed to meet his initial burden, in the interest of a complete record, the Court will briefly address the other factors.

First, the Court must consider whether Ortiz-Alcantara is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Here, given Ortiz-Alcantara's personal history and his leadership role in a significant drug trafficking organization (and despite his laudable post-conviction rehabilitative efforts), the Court cannot conclude that if released, he would not pose a danger to the safety of the community.

Second, the Court must "consider[] the factors set forth in section 3553(a)," 18 U.S.C. § 3582(c)(1)(A), including:

> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)    the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> . . .
> (4) the kinds of sentence and the sentencing range established [under the applicable Guidelines sections]
> . . . [and]
> (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). The Court weighs these factors against the reasons favoring Ortiz-Alcantara's immediate release. United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y.

2020) ("[I]n considering the section 3553(a) factors, [the court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence.").

Releasing Ortiz-Alcantara early, given his reasons stated in support, would be inconsistent with the purposes of sentencing including punishment and deterrence.   In reaching this conclusion, the Court notes that Ortiz-Alcantara was sentenced to 120 months incarceration which, again, was a generous sentence given the nature and circumstances of his offenses and when measured against the advisory guideline sentencing range.  The Defendant has served well under half of the sentence imposed.  Even assuming that a sentence reduction could theoretically be appropriate at some point, none of the section 3553(a) factors support such a reduction here when the defendant has served only a small percentage of his sentence.

## IV.    CONCLUSION

The Court finds that Ortiz-Alcantara has failed to meet his burden of demonstrating that compassionate release or a sentence reduction is justified.  His recourse remains with the Warden and then perhaps another motion when he has served a greater percentage of his sentence. Accordingly, Ortiz-Alcantara's motion for a sentence reduction, [ECF No. 474], is **DENIED**.

**SO ORDERED.**

January 13, 2026                                     */s/ Allison D. Burroughs*
                                                      ALLISON D. BURROUGHS
                                                      U.S. DISTRICT JUDGE